UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACIELA RAMIREZ, Individually, as Successor in Interest of Decedent ALMA VIDRIO, and as Personal Representative of the ESTATE OF ALMA VIDRIO,<br><br>      Plaintiff,<br><br>   v.<br><br>BNSF RAILWAY COMPANY, and AGUSTIN VIDRIO,<br><br>      Defendant. | No. 2:13-cv-00968-GEB-DAD<br><br>**ORDER CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE** |

Plaintiff was required to respond to an Order filed August 14, 2013, by either "fil[ing] proof of service" for Defendant Agustin Vidrio or "a sufficient explanation why service was not effected [on this Defendant] within [Federal Rule of Civil Procedure] 4(m)'s prescribed service period." (Order 1:23-2:3, ECF No. 15.) This filing was due no later than September 13, 2013. (Id.)

Plaintiff responded in a September 12, 2013 filing, stating in relevant part:

> Plaintiff sued Agustin Vidrio as a nominal defendant because a wrongful death cause of action belongs to all of the decedent's heirs and heirs are, therefore, "necessary" parties. Any heir who chooses not to be a plaintiff may be joined as a defendant so that all heirs are before the court.

1

>Ruttenberg v. Ruttenberg, 53 Cal. App. 4th 801, 808. "An heir named as a defendant in a wrongful death action is, in reality, a plaintiff." Id.
>
>Plaintiff last had contact with Agustin Vidiro when Decedent Alma Vidrio was about five months old (in or around 1992). Prior to filing the Complaint in this matter, Plaintiff attempted to find and make contact with Agustin Vidrio. Plaintiff's daughter and Decedent's sister, Diane Guzman, made contact with his known relative, Andres Vidrio, regarding the whereabouts of Agustin Vidrio. Andres Vidrio was unable to provide Ms. Guzman with an address as to where Agustin Vidrio could be found. Andres Vidrio informed her that Agustin Vidrio was living in the Country of Mexico, but Andres was not able to provide an address or city. Andres Vidrio did inform Ms. Guzman that a family member had contacted Agustin Vidrio to let him know that Alma had died, but Agustin Vidrio never contacted Plaintiff or her family regarding this matter.
>
>Since the filing of the complaint, in an attempt to serve the complaint, Plaintiff and Ms. Guzman has made additional attempts to contact Andres Vidrio to see if he had been in contact with Agustin and whether any other family members had information as to where Agustin Vidrio was living, but the phone number that she previously had is no longer active. Plaintiffs' counsel contacted an investigator in an attempt to locate Agustin Vidrio. The investigator performed online and database research, and found that Agustin Vidrio's last-known address was 308 East Edgeware Road, Los Angeles, CA 90026 in December 1991. There is no other history of him living in the United States since that time.
>
>In summary, Plaintiff has made multiple attempts to contact Agustin Vidrio, but has been unable to locate him.

(Pl.'s Resp. Re: Service of Def. Agustin Vidrio 1:24-2:20, ECF No. 16.) However, Plaintiff does not indicate in his response, or a subsequently filed Joint Status Report (ECF No. 17), how this action should proceed without Defendant Vidrio's participation.

2

Therefore, the Status Conference scheduled for October 28, 2013, is rescheduled to commence at 9:00 a.m. on November 25, 2013. A further joint status report shall be filed no later than fourteen (14) days prior to the Status Conference, in which the parties shall address how this matter should proceed without Defendant Vidrio's participation.

Dated: October 22, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge